IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD F. LATUSKA and | ) | |
| ANNETTE E. LATUSKA, | ) | CIVIL ACTION NO. 3:15-208 |
| Plaintiffs, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| VENKAT SETHURAMAN, NAHEED | ) | |
| SHAHDID, | ) | |
| | ) | |
| Defendants and Third-Party Plaintiffs, | ) | |
| | ) | |
| BUREAU VERITAS NORTH AMERICA, | ) | |
| INC. | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIKE HOFFER and HERITAGE HOMES, | ) | |
| LLC, LEZZER TRUSS SYSTEMS, INC. and | ) | |
| MITEK USA, INC. f/k/a MITEK | ) | |
| INDUSTRIES, INC., | ) | |
| Third-Party Defendants. | ) | |

MEMORANDUM OPINION

## I.  Introduction

This action comes before the Court upon motions to dismiss filed by Bureau
Veritas North America, Inc. and Mike Hoffer.  (ECF Nos. 9, 20.)  For the reasons that
follow, Mr. Hoffer's motion to dismiss will be denied, without prejudice, as moot.  Bureau
Veritas North America, Inc.'s motion to dismiss will be **GRANTED**.  However, Plaintiffs,
Richard E. Latuska and Annette E. Latuska, will be granted leave to file an amended
complaint as set forth in the Order.

## II.     Jurisdiction

The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between the parties, and the amount in controversy in the state proceeding exceeds $75,000, exclusive of interest and costs.  Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

## III.    Background

This case arises from the construction of a new home.  The following facts are alleged in the complaint, which the Court will accept as true for the sole purpose of deciding the pending motion.

In early 2009, Venkat Sethuraman and Naheed Shahid engaged Heritage Homes, LLC to construct a new residence.  (ECF No. 1-2 ¶ 10.)  A zoning permit was issued by Sandy Township to Mr. Sethuraman on April 22, 2009, for the construction of the new home.  (Id. ¶ 11.)  Guardian Inspection Services, Inc., which operates with Bureau Veritas North America, Inc., approved the building plans and issued a construction permit on April 27, 2009.  (Id. ¶¶ 7, 12.)

Heritage Homes, LLC commenced construction of the home in July 2009.  (Id. ¶ 13.)  At all times during the construction process, Bureau Veritas North America, Inc., as a service agency for Sandy Township, was charged with the duty of conducting all required inspections.  (Id. ¶ 14.)  Bureau Veritas North America, Inc. issued a final certificate of occupancy, dated August 2, 2010, to Mr. Sethuraman and Ms. Shahid.  (Id. ¶ 15.)  Mr.

Sethuraman and Ms. Shahid, who occupied the home for approximately six months, moved out in February 2011 and listed the property for sale. (*Id.* ¶ 16.) On or about October 12, 2011, Richard F. Latuska and Annette E. Latuska entered into a written agreement to purchase Mr. Sethuraman and Ms. Shahid's property for $950,000.00. (*Id.* ¶¶ 17-18.)

Prior to the sale, Mr. Sethuraman and Ms. Shahid provided a disclosure statement to Mr. and Ms. Latuska. (*Id.* ¶¶ 19-20.) In the disclosure statement, Mr. Sethuraman and Ms. Shahid denied the following: (1) any problems with the home, including structural items or any other component problems; (2) any water damage, leakage or other problems with water, such as the roof, ice, downspouts, or gutters; and (3) any material defects to the property, dwelling, or fixtures. (*Id.* ¶ 21.) Mr. and Ms. Latuska engaged the services of Minich Home Inspections to complete a residential home inspection, which was limited to a visual inspection. (*Id.* ¶¶ 23-24.) The inspection report, dated October 22, 2011, did not identify any latent or obvious structural defects or deficiencies within the home. (*Id.*) Small moisture stains were discovered around the master bath shower. (*Id.* ¶ 24.) Mr. Sethuraman and Ms. Shahid's real estate agent advised Mr. and Ms. Latuska that the moisture problems arose because Mr. Sethuraman and Ms. Shahid used the bathroom as a steam room. (*Id.* ¶ 26.) The real estate agent assured Mr. and Ms. Latuska that Mr. Sethuraman and Ms. Shahid had denied experiencing leakage or other water issues. (*Id.*) Based upon the inspector's recommendation, the shower door was caulked before Mr. and Ms. Latuska signed the agreement of sale. (*Id.* ¶¶ 25, 27.)

After Mr. and Ms. Latuska settled with Mr. Sethuraman and Ms. Shahid on December 19, 2011, they moved into the home on January 13, 2012. (*Id.* ¶¶ 29-30.) A few months later, Mr. and Ms. Latuska began to have problems with water marks in the master bathroom. (*Id.* ¶ 31.) Mr. and Ms. Latuska attempted to remedy the problem by not leaving the shower door open while turning on the shower, re-caulking the door, and minimizing their use of the shower. (*Id.*) When the ceramic tile in the master bathroom began to crack at the grout lines, Mr. and Ms. Latuska ceased using the shower. (*Id.* ¶ 32.)

In July 2014, Mr. and Ms. Latuska hired William Morelock of Morelock Construction to repair the ongoing water problems in the master bathroom. (*Id.* ¶ 33.) After removing tiles, the dry wall, and the shower floor, Mr. Morelock discovered serious and extensive structural deficiencies, which continue to date. (*Id.* ¶¶ 33-34.) Specifically, the home has severe, consistent, and building-wide defects and building code violations that impact its structural viability and safety. (*Id.* ¶ 35.) After the home was deemed uninhabitable, Mr. and Ms. Latuska were forced to live in a renal home from March 2015 until July 2015. (*Id.* ¶¶ 36-37.) In July 2015, Mr. and Ms. Latuska were required to find a new rental home, where they expected to remain while structural repairs were completed. (*Id.* ¶¶ 37-38.)

Mr. and Ms. Latuska filed a seven-count complaint in the Court of Common Pleas of Clearfield County on July 13, 2015, and Mr. Sethuraman and Ms. Shahid removed the action to this Court on August 13, 2015. (*See* ECF Nos. 1, 1-2 at 4.) Mr. and Ms. Latuska assert four claims against Mr. Sethuraman and Ms. Shahid: (1) violation of the real estate seller disclosure law, (ECF No. 1-2 ¶¶ 43-57); (2) fraudulent misrepresentation, (*id.* ¶¶ 58-

64); (3) violation of the Unfair Trade Practices and Consumer Protection Law ("the UTPCPL"), (*id.* ¶¶ 65-70); and (4) breach of contract, (*id.* ¶¶ 71-80). Mr. and Ms. Latuska assert three claims against Bureau Veritas North America, Inc.: (1) intentional misrepresentation, (*id.* ¶¶ 81-97); (2) negligence, (*id.* ¶¶ 98-117); and (3) violation of the UTPCPL, (*id.* ¶¶ 118-126).

In their answer, filed on August 31, 2015, Mr. Sethuraman and Ms. Shahid asserted cross-claims against Bureau Veritas North America, Inc. for negligence, intentional misrepresentation, violation of the UTPCPL, and contribution. (ECF No. 7 ¶¶ 20-38.) On September 1, 2015, Bureau Veritas North America, Inc. filed an answer and included cross-claims against Mr. Sethuraman and Ms. Shahid for contribution and indemnification. (ECF No. 8 ¶¶ 1-5.) On September 14, 2015, Mr. Sethuraman and Ms. Shahid filed a third-party complaint against Heritage Homes, LLC and Mike Hoffer. (ECF No. 11.) Mr. Sethuraman and Ms. Shahid asserted a claim against Heritage Homes, LLC for breach of contract and included claims against Mr. Hoffer for third-party beneficiary/breach of contract and negligence. (*Id.* ¶¶ 27-47.)

On April 7, 2016, Bureau Veritas North America, Inc. filed a third-party complaint against Heritage Homes, LLC, Lezzer Truss Systems, Inc., and MiTek USA, Inc. f/k/a MiTek Industries, Inc. ("MiTek"). (ECF No. 35.) Bureau Veritas North America, Inc. asserted claims against each additional defendant for negligence and contribution. (*Id.* ¶¶ 23-54.) MiTek filed an answer on June 8, 2016, and included cross-claims against Mr. Sethuraman and Ms. Shahid, Bureau Veritas North America, Inc., Mr. Hoffer, Heritage Homes, LLC, and Lezzer Truss Systems, Inc. for contribution and indemnification. (ECF

No. 50 at 8.) On June 23, 2016, Lezzer Truss Systems, Inc. filed an answer and asserted cross-claims against MiTek, Mr. Sethuraman and Ms. Shahid, Heritage Homes, LLC, Mr. Hoffer, and Bureau Veritas North America, Inc. for contribution and indemnification. (ECF No. 55 ¶¶ 19-22.)

There are three motions to dismiss pending in this matter. First, Bureau Veritas North America, Inc. has filed a motion to dismiss Mr. and Ms. Latuska's UTPCPL claim and their requests for attorneys' fees and punitive damages. (ECF No. 9.) Bureau Veritas North America, Inc.'s motion has been fully briefed and is ripe for disposition. (*See* ECF Nos. 9, 10, 12, 13.) Second, Mr. Hoffer filed a motion to dismiss Mr. Sethuraman and Ms. Shahid's third-party complaint against him. (ECF No. 20.) After Mr. Hoffer's motion was fully briefed (*see* ECF Nos. 20, 21, 28), an early neutral evaluation session was held, at which time Mr. and Ms. Latuska's claims against Mr. Sethuraman and Ms. Shahid were resolved, and Mr. Sethuraman and Ms. Shahid's claims against Mr. Hoffer were resolved (*see* ECF No. 32). In a joint motion to amend the scheduling order, the parties confirmed the settlement. (*See* ECF No. 48 ¶ 5.) In light of the settlement between Mr. Sethuraman and Ms. Shahid and Mr. Hoffer, the Court will dismiss, without prejudice, Mr. Hoffer's motion to dismiss Mr. Sethuraman and Ms. Shahid's third-party complaint against him. (ECF No. 20.) Third, MiTek filed a motion to dismiss Bureau Veritas North America, Inc.'s third-party complaint against it. MiTek's motion has not been fully briefed and is not yet ripe for disposition. (ECF No. 60.) Accordingly, the Court will address only Bureau Veritas North America, Inc.'s motion to dismiss at this time.

**IV.     Standard of Review**

Bureau Veritas North America, Inc. moves to dismiss Mr. and Ms. Latuska's UTPCPL claim and their requests for attorneys' fees and punitive damages pursuant to Rule 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See id*. at 210. Second, the court must determine whether the factual matters averred are sufficient to show that plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "'detailed factual allegations.'" *Phillips v. County of Allegheny*, 515 F. 3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id*. at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "'factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp.*, 609 F. 3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context-specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F. 3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F. 3d at 236; *see also Shane v. Fauver*, 213 F. 3d 113, 115 (3d Cir. 2000).

## V.     Discussion

Bureau Veritas North America, Inc. has filed a motion to dismiss Mr. and Ms. Latuska's UTPCPL claim in Count VII of their complaint and their requests for attorneys' fees and punitive damages in Counts V and VI of their complaint. The Court will separately address Bureau Veritas North America, Inc.'s arguments.

### A.     Mr. and Ms. Latuska's UTPCPL Claim

Bureau Veritas North America, Inc. argues that Count VII of Mr. and Ms. Latuska's complaint must be dismissed because they lack standing to sue under the

UTPCPL.  (ECF No. 10 at 3-5.)  Specifically, Bureau Veritas North America, Inc. contends that the UTPCPL applies only to protect those parties who leased or purchased goods and services from the defendant in question.  (*Id.* at 3-4.)  Asserting that Mr. and Ms. Latuska failed to allege that it entered into a consumer transaction with it, Bureau Veritas North America, Inc. requests that Count VII be dismissed.  (*Id.* at 4-5.)

In response, Mr. and Ms. Latuska argue that a plaintiff need not be in direct privity with a defendant to file a UTPCPL claim because the statute extends to third parties who are intended purchasers or reasonably foreseeable consumers.  (ECF No. 13 at 7-8.)  Mr. and Ms. Latuska claim that Bureau Veritas North America, Inc. made representations in the inspection reports and certificate of occupancy as to the quality and safety of the home.  (*Id.* at 12.)  Contending that their complaint contains sufficient facts to support a finding that Bureau Veritas North America, Inc. made false and misleading representations, Mr. and Ms. Latuska maintain that they have standing to file a UTPCPL claim.  (*Id.*)

The UTPCPL is Pennsylvania's consumer protection law.  *Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145, 151 (Pa. Super. Ct. 2012).  Its purpose is to prevent "'[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of [any trade or commerce,]'" as defined by the statute.  *Id.* (quoting 73 Pa. Stat. Ann. § 201-3).  The Pennsylvania Supreme Court has stated that the UTPCPL should be liberally construed to give effect to its legislative goal of consumer protection.  *Id.* (citing *Pennsylvania ex rel. Creamer v. Monumental Props., Inc.*, 329 A.2d 812 (Pa. 1974)).

The UTPCPL provides a private right of action as follows:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared by section 3 of this act, may bring a private right of action to recover actual damages or one hundred dollars ($100), whichever is greater.

73 Pa. Stat. Ann. § 201-9.2(a). This language establishes that the private right of action under the UTPCPL is limited to anyone who purchases or leases goods or services for primarily personal, family, or household purposes. The question here is whether Mr. and Ms. Latuska "purchase[d] . . . goods or services" within the meaning of the statute. Based upon relevant case law interpreting this statute, the Court concludes that they did not.

The UTPCPL's "reach is expansive." *Trunzo v. Citi Mortg.*, 876 F. Supp. 2d 521, 543 (W.D. Pa. 2012). Its private right of action has been construed to apply not only to those circumstances where the unfair or deceptive conduct induced the consumer to make the initial purchase, but also to unfair or deceptive practices which occur after entering an agreement and which were not a basis for the original agreement. *Id*. (holding that liability can be imposed upon a mortgage assignee under the UTPCPL provided that the plaintiff advances specific allegations of wrongdoing against the assignee, not simply against the original lender) (citing *In re Smith*, 866 F.2d 576 (3d Cir. 1989) (noting that a more limited reading "would insulate all kinds of practices from the [UTPCPL]")). *See also Behr v. Fed. Home Loan Mortg.*, No. 1:14-CV-291, 2015 U.S. Dist. LEXIS 116919, at *16-17 (W.D. Pa. July 29, 2015) (holding that liability could be imposed against a lender based upon an underlying mortgage and related mortgage financing services).

In applying a liberal construction of the UTPCPL, the United States Court of Appeals for the Third Circuit has held that a plaintiff need not be in direct privity with a defendant to bring a claim for damages under the statute. *Katz v. Aetna Casualty & Surety Co.*, 972 F.2d 53, 56 (3d Cir. 1992) (citing *Valley Forge Towers S. Condominium v. Ron-Ike Insulators, Inc.*, 574 A.2d 641, 645 (Pa. Super. Ct. 1990) (stating that there was no "express requirement that there be strict technical privity between the party suing and the party sued")). Rather, standing also extends to "those specifically intended to rely upon the fraudulent conduct, and those whose reasonable reliance was specially foreseeable." *Valley Forge Towers S. Condominium*, 574 A.2d at 647. Standing does not, however, extend to "a plaintiff lacking any commercial dealings with the defendant." *Katz*, 972 F.2d at 56. Similarly, standing does not extend to an assignee of a purchaser. *Gemini Physical Therapy & Rehab. v. State Farm Mut. Auto. Ins. Co.*, 40 F.3d 63, 65 (3d Cir. 1994).

In their complaint, Mr. and Ms. Latuska allege that Guardian Inspection Services, Inc., which operates with Bureau Veritas North America, Inc., approved the building plans and issued a construction permit on April 27, 2009. (ECF No. 1-2 ¶¶ 7, 12.) Mr. and Ms. Latuska aver that Bureau Veritas North America, Inc. was charged with the duty of conducting all required inspections. (*Id.* ¶ 14.) Mr. and Ms. Latuska further allege that Bureau Veritas North America, Inc. issued a final certificate of occupancy, dated August 2, 2010, to Mr. Sethuraman and Ms. Shahid. (*Id.* ¶ 15.) In asserting their claims against Bureau Veritas North America, Inc., Mr. and Ms. Latuska maintain that Bureau Veritas North America, Inc. failed to inspect, ignored, or failed to report the home's code violations and material defects. (*Id.* ¶¶ 88, 90.) Mr. and Ms. Latuska further aver that

Bureau Veritas North America, Inc. engaged in willful misconduct because it intentionally overlooked or ignored serious structural defects and deliberately concealed known facts or failed to make any reasonable investigation to determine the condition of home. (*Id.* ¶¶ 91-92, 121.)

Mr. and Ms. Latuska have failed to allege that they purchased any goods or services from Bureau Veritas North America, Inc. The Court recognizes that Mr. and Ms. Latuska need not be in direct privity with Bureau Veritas North America, Inc. because, as subsequent purchasers of the home, their reasonable reliance upon Bureau Veritas North America, Inc.'s inspection and certificate of occupancy was "specially foreseeable." *Valley Forge Towers S. Condominium*, 574 A.2d at 647. However, Mr. and Ms. Latuska have failed to allege that they had "any commercial dealings with the defendant." *Katz*, 972 F.2d at 56. Specifically, Mr. and Ms. Latuska have not alleged that they had to "give up something of significant value in order to consummate the transaction." *Johnson v. Metlife Bank, N.A.*, No. 11-CV-800, 2011 U.S. Dist. LEXIS 107460, at *13 (E.D. Pa. Sept. 21, 2011). Thus, in accordance with well-settled law, standing does not extend to Mr. and Ms. Latuska.

The Court finds that Mr. and Ms. Latuska's reliance upon *Barker v. Hostetter*, No. 13-CV-5081, 2014 U.S. Dist. LEXIS 51688 (E.D. Pa. Apr. 15, 2014), is unpersuasive. The plaintiffs in *Barker* were "*prospective purchasers*," not subsequent purchasers, of lots that the defendants were developing for residential use. 2014 U.S. Dist. LEXIS 51688, at *91 (emphasis added). Because the plaintiffs alleged that the defendants withheld material information from them and misrepresented facts about the sewage system and water

supply on the lots, the court concluded that although the plaintiffs did not purchase lots directly from the defendants, "[a]s prospective purchasers, [they] were specifically intended to rely upon the representations in the [public offering statement]." *Id.* at *91. Not only is *Barker* factually distinguishable because Mr. and Ms. Latuska were subsequent purchasers of the home, but the court in *Barker* also did not address the Third Circuit's holding in *Katz* that standing under the UTPCPL does not extend to plaintiffs lacking commercial dealings with the defendant. Similarly, Mr. and Ms. Latuska's reliance upon *In re Smith*, 866 F.2d 576 (3d Cir. Pa. 1989), and *Behr*, No. 1:14-CV-291, 2015 U.S. Dist. LEXIS 116919, is unconvincing because both decisions involved the imposition of liability against a lender based upon an underlying mortgage and related mortgage financing services.

Because Mr. and Ms. Latuska have failed to allege that they purchased goods or services from, or had any commercial dealings with, Bureau Veritas North America, Inc., the Court will grant Bureau Veritas North America, Inc.'s motion to dismiss Count VII of Mr. and Ms. Latuska's complaint. *See, e.g., Katz*, 972 F.2d at 57 (explaining that "[a]lthough *Valley Forge Towers* held that strict privity is not always an element of the private cause of action, there is no indication that the court would have extended the private cause of action to a plaintiff lacking any commercial dealings with the defendant" and concluding that the plaintiffs had "conducted no business whatsoever" with the defendants); *Gemini Physical Therapy & Rehab.*, 40 F.3d at 65 (concluding that the plaintiff lacked standing because "its complaint does not allege that it is a purchaser or consumer of goods or services from [the defendant]"); *Country Classics at Morgan Hill Homeowners'*

*Ass'n v. Country Classics at Morgan Hill, LLC*, 780 F. Supp. 2d 367, 376 (E.D. Pa. 2011) (granting motion to dismiss because the plaintiff did not allege that it contracted with any party to provide goods or services for the unit owners' benefits or that it was a third-party beneficiary of any contract entered into by the defendant); *Bracciale v. Nationwide Mut. Fire Ins. Co.*, No. 92-CV-7190, 1994 U.S. Dist. LEXIS 198, at *9 (E.D. Pa. Jan. 12, 1994) (granting motion to dismiss because the plaintiff, who "conducted no business with [the defendant]," was not a purchaser under the UTPCPL); *Schwarzwaelder v. Fox*, 895 A.2d 614, 620 (Pa. Super. Ct. 2006) (holding that "[the plaintiffs] purchased nothing from [the defendant] and cannot claim an attendant cause of action under the UTPCPL"). *Cf. Johnson v. MetLife Bank, N.A.*, 883 F. Supp. 2d 542, 548 (E.D. Pa. 2012) (finding that the plaintiff had standing based upon evidence "that he had commercial dealings with [the defendant], that [the defendant] misled him during those commercial dealings knowing that he might rely on the misrepresentations, and that he ultimately made a purchase as a result of the misrepresentations").

## B. Mr. and Ms. Latuska's Requests for Attorneys' Fees and Punitive Damages

Bureau Veritas North America, Inc. argues that Mr. and Ms. Latuska's requests for attorneys' fees and punitive damages in Counts V and VI of their complaint must be dismissed. (ECF No. 10 at 5-6.) Bureau Veritas North America, Inc. contends that Mr. and Ms. Latuska are not entitled to punitive damages because they failed to allege that it engaged in outrageous behavior. (*Id.* at 6.) Bureau Veritas North America, Inc. also

asserts that Mr. and Ms. Latuska failed to cite to any contract, statute, or legal principle that would require it to pay the attorneys' fees requested in Counts V and VI.  (*Id.* at 5.)

In response, Mr. and Ms. Latuska contend that Bureau Veritas North America, Inc. engaged in outrageous behavior by failing to inspect the home or report the building code violations and acted with reckless indifference by issuing the occupancy certificate.  (ECF No. 13 at 15.)  Mr. and Ms. Latuska further argue that the building-wide defects and code violations were so severe and numerous that they would have been open and obvious to Bureau Veritas North America, Inc.  (*Id.* at 16.)  Regarding attorneys' fees and costs, Mr. and Ms. Latuska first note that Section 908(2) of the Restatement (Second) of Torts provides that the nature and extent of the harm must be considered in awarding punitive damages.  (*Id.* at 18.)  Asserting that they are entitled to punitive damages, Mr. and Ms. Latuska claim that their attorneys' fees and costs "are relevant to the nature and extent of the harm [they] suffered."  (*Id.* at 19 (emphasis omitted).)

Punitive damages are an "extreme remedy" available only in the most exceptional matters.  *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005).  Under Pennsylvania law, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."  *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984).  Punitive damages "are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct."  *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005).  To establish a claim for punitive damages, a plaintiff must demonstrate that "(1) a defendant had a subjective appreciation of the risk of harm to which plaintiff was exposed and that (2) he

acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id.* at 772; *see also Ditzler v. Wesolowski*, No. 3:05-CV-325, 2007 U.S. Dist. LEXIS 56736, at *10 (W.D. Pa. Aug. 3, 2007).

In Counts V and VI of their complaint, Mr. and Ms. Latuska assert claims against Bureau Veritas North America, Inc. for intentional misrepresentation and negligence. (ECF No. 1-2 ¶¶ 81-117.) In support of their claims, Mr. and Ms. Latuska state that Bureau Veritas North America, Inc. had a duty to review the building plans and specifications for compliance with the construction code and all other pertinent regulations, to perform ongoing construction inspections, to report to the owner to assure compliance with the construction code and all pertinent building standards, and to issue written stop orders when a code violation was detected. (*Id.* ¶¶ 83, 85, 89, 101-103, 105.) Mr. and Ms. Latuska allege that Bureau Veritas North America, Inc. issued a certificate of occupancy despite "blatant and obvious" code violations. (*Id.* ¶ 108.) Mr. and Ms. Latuska also aver that Bureau Veritas North America, Inc. "knew or should have known of the defects," (*id.* ¶ 109), that would have been "glaring, open[,] and obvious to an inspector," (*id.* ¶¶ 88, 109). In their claim for intentional misrepresentation, Mr. and Ms. Latuska state that Bureau Veritas North America, Inc. intentionally overlooked or ignored the home's structural defects and that its lack of inspections and/or failure to report known construction defects constitutes willful misconduct. (*Id.* ¶¶ 91-92, 96.)

Accepting the allegations of Mr. and Ms. Latuska's complaint as true, this Court finds that Mr. and Ms. Latuska have not alleged sufficient facts to establish a plausible claim for punitive damages against Bureau Veritas North America, Inc. While the facts

alleged support Mr. and Ms. Latuska's claims for intentional misrepresentation and negligence, they do not rise to the level of outrageous conduct required under Pennsylvania law to warrant punitive damages.   Rather, Mr. and Ms. Latuska's allegations regarding their request for punitive damages are conclusory statements and not factual averments sufficient to state a plausible claim for relief.

Based upon the allegations in the complaint, Mr. and Ms. Latuska have failed to satisfy the pleading requirements of the rules of procedure to set forth a plausible claim for relief for punitive damages in Counts V and VI against Bureau Veritas North America, Inc.  The Court will therefore grant Defendants' motion to dismiss the punitive damages claim in Counts V and VI of the complaint.  *See, e.g., Boring v. Google Inc.*, 362 Fed. Appx. 273, 283 (3d Cir. Pa. 2010) (affirming the trial court's decision to grant the defendant's motion to dismiss the plaintiffs' claim for punitive damages because the complaint "fails to allege conduct that is outrageous or malicious" and "there are no facts suggesting that [the defendant] acted maliciously or recklessly or that [the defendant] intentionally disregarded the [plaintiffs'] rights"); *McCullough v. Peeples*, No. 3:14-CV-123, 2015 U.S. Dist. LEXIS 27683, at *17 (W.D. Pa. Mar. 5, 2015) (granting motion to dismiss the plaintiff's claim for punitive damages where the plaintiff alleged that the defendant's actions "constituted outrageous conduct and demonstrated wanton and reckless indifference to the [plaintiff's] safety" and "evidenced conscious acts of an unreasonable character and demonstrated disregard of a risk"); *Gregg v. Lonestar Transp., LLC*, No. 3:14-CV-44, 2015 U.S. Dist. LEXIS 27680, at *10-11 (W.D. Pa. Mar. 6, 2015) (granting motion to dismiss the plaintiff's claim for punitive damages because the plaintiff failed to allege sufficient

supporting facts); *Allegrino v. Conway E & S, Inc.*, No. 09-CV-1507, 2010 U.S. Dist. LEXIS 106734, at *38-39 (W.D. Pa. Oct. 6, 2010) (dismissing the plaintiff's request for punitive damages because it was "pled in a conclusory fashion").

As discussed above, Mr. and Ms. Latuska have argued that they are entitled to attorneys' fees and costs because Section 908(2) of the Restatement (Second) of Torts provides that the nature and extent of the harm must be considered in awarding punitive damages. (ECF No. 13 at 18-19.) In support of their argument, Mr. and Ms. Latuska state that "while not statutorily authorized as independent taxable costs in the Courts for intentional misrepresentation and negligence, it is appropriate to consider attorney[s'] fees expended . . . as an element of the compensatory losses and punitive damages award." (*Id.* at 19.) Accordingly, because Mr. and Ms. Latuska have conceded that attorneys' fees and costs are recoverable only as an element of an award for punitive damages, and because the Court will dismiss Mr. and Ms. Latuska's claims for punitive damages in Counts V and VI, the Court will also dismiss their claims for attorneys' fees and costs in Counts V and VI. *See, e.g.*, *Sloan & Co. v. Liberty Mut. Ins. Co.*, 653 F.3d 175, 186 (3d Cir. 2011) ("[T]he 'settled' law of Pennsylvania is that 'attorneys['] fees are recoverable from an adverse party to a cause only when provided for by statute, or when clearly agreed to by the parties.'") (quoting *Fidelity-Phila. Trust Co. v. Phila. Transp. Co.*, 173 A.2d 109, 113 (Pa. 1961)).

C.      **Leave to Amend**

The law is well settled that, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be

inequitable or futile." *Phillips*, 515 F. 3d at 245. Likewise, Federal Rule of Civil Procedure 15 embodies a liberal approach to amendment and directs that "leave shall be freely given when justice so requires" unless other factors weigh against such relief. *Dole v. Arco Chem. Co.*, 921 F. 2d 484, 486-87 (3d Cir. 1990). Factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F. 3d 107, 121 (3d Cir. 2000). A district court may therefore "properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F. 2d 1422, 1431 (3d Cir. 1989); *Davis v. Holder*, 994 F. Supp. 2d 719, 727 (W.D. Pa. 2014). In light of these legal principles favoring the opportunity to amend a deficiently pleaded complaint, the Court will grant Mr. and Ms. Latuska leave to amend their complaint.

## VI.     Conclusion

For the reasons stated above, the Court will deny, without prejudice, Hoffer's motion to dismiss as moot. The Court will grant Bureau Veritas North America, Inc.'s motion to dismiss. However, Plaintiffs, Richard E. Latuska and Annette E. Latuska, will be granted leave to file an amended complaint as set forth in the Order.

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD F. LATUSKA and )
ANNETTE E. LATUSKA, )　　　　CIVIL ACTION NO. 3:15-208
　　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　 )　　　　JUDGE KIM R. GIBSON
　　　v. )
　　　　　　　　　　　　　　　 )
VENKAT SETHURAMAN, NAHEED )
SHAHDID, )
　　　　　　　　　　　　　　　 )
　　　Defendants and Third-Party Plaintiffs, )
　　　　　　　　　　　　　　　 )
BUREAU VERITAS NORTH AMERICA, )
INC. )
　　　Defendant and Third-Party Plaintiff, )
　　　　　　　　　　　　　　　 )
　　　v. )
　　　　　　　　　　　　　　　 )
MIKE HOFFER and HERITAGE HOMES, )
LLC, LEZZER TRUSS SYSTEMS, INC. and )
MITEK USA, INC. f/k/a MITEK )
INDUSTRIES, INC., )
　　　　　　Third-Party Defendants. )

## ORDER

**AND NOW**, this 29th day of July, 2016, upon consideration of Bureau Veritas North America, Inc.'s motion to dismiss (ECF No. 9) and Mike Hoffer's motion to dismiss (ECF No. 20), **IT IS HEREBY ORDERED** as follows:

1.　　Bureau Veritas North America, Inc.'s motion to dismiss (ECF No. 9) is **GRANTED**. Plaintiffs' requests for punitive damages and for attorneys' fees and costs in Counts V and VI of their complaint are dismissed. Plaintiffs' Unfair Trade Practices and Consumer Protection Law claim in Count VII of their complaint is also dismissed.

2.     Mike Hoffer's motion to dismiss (ECF No. 20) is **DENIED**, without prejudice, as moot.

**IT IS FURTHER ORDERED** that Plaintiffs, Richard F. Latuska and Annette F. Latuska, are granted 21 days from July 29, 2016, to file an amended complaint.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**