IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RICHARD F. LATUSKA and ANNETTE E. LATUSKA, | ) ) ) | Case No. 3:15-cv-208 |
|---|---|---|
| | ) | JUDGE KIM R. GIBSON |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BUREAU VERITAS NORTH AMERICA, INC., | ) ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| HERITAGE HOMES, LLC, LEZZER TRUSS SYSTEMS, INC., and MiTEK USA, INC. f/k/a MiTEK INDUSTRIES, INC. | ) ) ) ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM OPINION

This case arises from a home construction gone awry. Pending before the Court is third-party defendant MiTek USA, Inc. f/k/a MiTek Industries, Inc.'s ("MiTek") motion to dismiss (ECF No. 59) the third-party complaint of Bureau Veritas North America, Inc. ("Bureau Veritas") (ECF No. 35). For the reasons that follow, MiTek's motion to dismiss is **DENIED**.

### I.  Background

The Court previously recited the principal facts of this case in *Latuska v. Sethuraman*, No. 15-cv-208, 2016 WL 4082738, at *1-2 (W.D. Pa. July 29, 2016) (ECF No. 66). Thus, the Court will include here only the facts alleged in Bureau Veritas's third-party complaint that are relevant to

MiTek's motion to dismiss. The Court accepts these facts as true for the sole purpose of deciding MiTek's motion to dismiss.

On July 13, 2015, plaintiffs Richard F. Latuska and Annette E. Latuska sued Bureau Veritas, along with two other defendants—Venkat Sethuraman and Naheed Shahid—in the Court of Common Pleas for Clearfield County, Pennsylvania. (ECF No. 1-2 at 4.) That case was removed to this Court on August 13, 2015. (ECF No. 1.) The Latuskas' claims arise from issues with the construction of their home in Sandy Township, Pennsylvania. (ECF No. 1-2.) Bureau Veritas was the third-party building-code administrator for Sandy Township at the time the Latuskas' home was built. (*See* ECF No. 35 ¶ 14.) Bureau Veritas conducted a plan review for the home's construction, issued a construction permit, conducted inspections of the property, and ultimately issued a certificate of occupancy for the property pursuant to the Pennsylvania Construction Code Act, 35 Pa. Cons. Stat. § 7210.101 *et seq.*, and the Uniform Construction Code, 34 Pa. Cons. Stat. § 401.1 *et seq.* (*Id.*) The Latuskas asserted three claims against Bureau Veritas: (1) intentional misrepresentation (ECF No. 1-2 ¶¶ 81-97); (2) negligence (*id.* ¶¶ 98-117); and (3) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (*id.* ¶¶ 118-26).[1]

On September 14, 2015, Bureau Veritas's two codefendants, Sethuraman and Shahid, filed a third-party complaint against Heritage Homes, LLC ("Heritage"), and Mike Hoffer. (ECF No. 11). By stipulation dated December 14, 2016, Sethuraman, Shahid, and Hoffer were dismissed with prejudice. (ECF No. 13.) This made Bureau Veritas the sole defendant in this

---

[1] The Latuskas withdrew their UTPCPL claim against Bureau Veritas in their second amended complaint. (*See* ECF No. 78.)

case and disposed of Sethuraman and Shahid's third-party complaint as well as any other claims against Hoffer.

On April 7, 2016, Bureau Veritas also filed a third-party complaint; it sued Heritage, Lezzer Truss Systems, Inc. ("Lezzer"), and MiTek, asserting claims for negligence and contribution.[2] (ECF No. 35.) MiTek filed an answer on June 8, 2016, asserting what it labeled crossclaims for contribution and indemnification against (1) Bureau Veritas; (2) Sethuraman and Shahid (who have since been dismissed); (3) Heritage; (4) Lezzer; and (5) Hoffer (who has also been dismissed). On July 19, 2016, MiTek filed the motion to dismiss Bureau Veritas's third-party complaint pending before the Court. (ECF No. 59.)

## II. Standard of Review

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted. In determining the sufficiency of a complaint challenged under Rule 12(b)(6), a district court must conduct a two-part analysis. First, the court should separate the factual and legal elements of the claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Second, the court must determine whether the factual matters alleged are sufficient to establish that the plaintiff has a "plausible claim for relief." *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint, however, need not include "detailed factual

---

[2] To make matters even more confusing, the docket entry for Bureau Veritas's third-party complaint includes Mike Hoffer as a third-party defendant as well—though Bureau Veritas's third-party complaint asserts no claim against Hoffer. (*Compare* Docket Entry 35 *to* ECF No. 35.)

allegations." *Phillips*, 515 F.3d at 231 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The court must also accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the nonmoving party. *See id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). But "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir .2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has stated a "plausible claim for relief" is a context-specific inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The record to consider in making this determination includes the complaint and any "document integral or explicitly relied on in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (emphasis and citation omitted). If a claim is vulnerable to dismissal under Rule 12(b)(6), the district court must permit a curative amendment regardless of whether a plaintiff seeks leave to amend, unless amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236 (citation omitted).

But although MiTek's motion to dismiss is styled as one brought under Federal Rule of Civil Procedure 12(b)(6), motions asserting Rule 12(b) defenses "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Here, MiTek filed its motion to dismiss under Rule 12(b)(6) after it filed its answer. By doing so MiTek effectively filed a

motion for judgment on the pleadings pursuant to Rule 12(c)—and not a motion to dismiss under Rule 12(b)(6). *See Dukes v. Lancer Ins. Co.*, 390 F. App'x 159, 163 n.4 (3d Cir. 2010). Thus, the Court will construe MiTek's motion to dismiss as a motion for judgment on the pleadings under Rule 12(c). The standard for evaluating a Rule 12(c) motion is identical to the standard for evaluating a Rule 12(b)(6) motion. *Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

## III. Analysis

### A. Crossclaims & Counterclaims

A threshold issue warrants discussion before addressing the merits of MiTek's motion. This case is rife with both third-party claims and what some of the parties purport are crossclaims—yet not all these crossclaims qualify as such. As an initial matter, it is helpful to illustrate the current state of this case and the parties:

| Plaintiff(s)/Claimant(s) | Defendant(s) | Source |
|---|---|---|
| Richard F. Latuska and Annette E. Latuska | Bureau Veritas | ECF Nos. 78, 83 |
| Bureau Veritas (as third-party plaintiff) | Heritage, Lezzer, Mitek (as third-party defendants) | ECF No. 35 |
| MiTek (purportedly as cross-claimant) | Bureau Veritas, Heritage, Lezzer (purportedly as cross-defendants) | ECF Nos. 50, 83 |
| Lezzer (purportedly as cross-claimant) | Bureau Veritas, Heritage, MiTek (purportedly as cross-defendants) | ECF No. 55, 83. |

And it is helpful also to define our terms, beginning with crossclaim. Federal Rule of Civil Procedure 13(g) authorizes parties to assert in their pleading "as a crossclaim any claim . . .

against a coparty." Thus, crossclaims are claims against *coparties*. As for counterclaims, those are claims against *opposing parties*. *See* Fed. R. Civ. P. 13(a)-(c). And claims by defendants against *nonparties* are addressed under Rule 14, which covers third-party practice. Rule 14(a)(1) allows defendants, as third-party plaintiffs, to bring a claim against "a nonparty who is or may be liable to it for all or part of the claim against [the defendant]." That nonparty, once served with the third-party complaint, is a third-party defendant. Fed. R. Civ. P. 14(a)(2).

These provisions and definitions can leave a gap depending on the makeup of a case. To illustrate, imagine two plaintiffs who sue two defendants—call them defendant A and B. Imagine further that defendant A files a third-party complaint against two third-party defendants. Those third-party defendants are then coparties to each other, and opposing parties to defendant A (the third-party plaintiff). But strictly speaking the third-party defendants are neither coparties nor opposing parties to the plaintiffs or defendant B. This brings us to the gap: what if the third-party defendants want to assert claims against the plaintiffs or defendant B? Looking only at who is where on the "v." side of the caption, those claims would neither be crossclaims nor counterclaims. And Rule 14 would be inapplicable because it applies to nonparties only.

This problem stems in part from the fact that "[t]he Federal Rules do not define who is a 'co-party' for purposes of Rule 13(g)." *Reynolds v. Rick's Mushroom Serv., Inc.*, No. 01-cv-3773, 2006 WL 1490105, at *5 (E.D. Pa. May 26, 2006). Nor have the courts in this circuit "settled the issue of whether an original defendant and a third-party defendant are co-parties such [that] they may assert cross-claims against one another." *Bank v. City of Philadelphia*, 991 F. Supp. 2d 523, 534 (E.D. Pa. 2014) (citing *Reynolds*, 2006 WL 1490105, at *5). Courts to address this issue

have looked to the nature of the interests of and between the parties to determine whether the claims between them are permissible. *See, e.g.*, *Schwab v. Erie Lackawanna R.R. Co.*, 438 F.2d 62, 66 (3d Cir. 1971) (reasoning that third-party litigants are necessarily adverse to each other and cannot be treated as coparties); *Bank*, 991 F. Supp. 2d at 534-35; *Reynolds*, 2006 WL 1490105, at *5.

In this case, MiTek in its answer purported to bring crossclaims against Sethuraman, Shahid, Bureau Veritas, Hoffer, Heritage, and Lezzer. (ECF No. 50 at 8). Lezzer brought similar claims; it brought purported crossclaims against MiTek, Sethuraman, Shahid, Heritage, Hoffer, and Bureau Veritas. (ECF No. 55 at 11.) But Sethuraman, Shahid, and Hoffer were neither coparties nor opposing parties to MiTek or Lezzer. Thus, MiTek and Lezzer's claims against those parties fall squarely in the gap situation. Furthermore, Bureau Veritas was not a coparty to Mitek or Lezzer; Bureau Veritas was the third-party plaintiff who sued MiTek and Lezzer as third-party defendants. Any claim by MiTek and Lezzer against Bureau Veritas would therefore be a counterclaim rather than a crossclaim.

Fortunately, most of these problems were solved when the parties dismissed Sethuraman, Shahid, and Hoffer from this case. (*See* ECF No. 83.) MiTek and Lezzer are coparties—they were jointly sued by Bureau Veritas through a third-party complaint—and are therefore able to bring crossclaims against each other without issue. The only problem that remains is a nominal one; what MiTek and Lezzer call a crossclaim against Bureau Veritas is in fact a counterclaim. But this labeling slip of no consequence and the Court will construe their claims against Bureau Veritas as counterclaims.

**B. MiTek's Motion**

MiTek has moved for judgment on the pleadings as to Bureau Veritas's claim of negligence. (ECF No. 59.) The substance of Bureau Veritas's negligence claim against Mitek is that MiTek was responsible for the truss-related work in the construction of the Latuskas' home but was negligent in performing that work. Specifically, Bureau Veritas alleges that "MiTek had a duty to prepare, modify, finalize and/or approve the truss-related work on the Property in a professional and workmanlike manner in order for the Property to have the structural integrity and durability required by the applicable codes, regulations, standards, and policies." (ECF No. 35 ¶ 48.) Bureau Veritas alleges further that "MiTek was negligent and breached that duty by preparing, modifying, finalizing and/or approving incorrect and/or non-compliant truss drawings, designs and specifications, which is the direct and proximate cause of the alleged truss-related damages, if proven, sustained by the Latuskas." (*Id.* ¶ 49.)

"The elements of a negligence claim include: a legal duty, a breach of that duty, a causal relationship between the defendant's negligence and plaintiff's injuries, and damages." *City of Philadelphia v. Beretta U.S.A. Corp.*, 277 F.3d 415, 422 n.9 (3d Cir. 2002) *(*citing *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998)). Bureau Veritas's allegations satisfy these elements; it alleges that MiTek had a legal duty, breached that duty, that this breach caused (some of) the harm that occurred, and that Bureau Veritas would suffer damages as a result of this breach if the Latuskas prevail in their case against Bureau Veritas. Thus, Bureau Veritas has adequately pleaded a negligence claim against Mitek.

In support of its motion for judgment on the pleadings, MiTek argues that there is "no evidence" that it was retained by Bureau Veritas—and that it therefore had no duty toward

Bureau Veritas—and that it had "no knowledge of" the installation of any truss involving a MiTek design. (ECF No. 60 at 3.) This may all very well be true. But such factual arguments are not a valid basis upon which to dismiss a claim at this preliminary stage. Bureau Veritas had to allege only sufficient "factual content that allows the court to draw the reasonable inference that [MiTek] is liable for the misconduct alleged." *Sheridan*, 609 F.3d at 262 n.27 (quoting *Iqbal*, 556 U.S. at 678). Bureau Veritas has met that burden.

## IV. Conclusion

MiTek's motion for judgment on the pleadings (ECF No. 59) is **DENIED.** A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD F. LATUSKA and ANNETTE E. LATUSKA, | ) ) ) | Case No. 3:15-cv-208 |
| | ) ) | JUDGE KIM R. GIBSON |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BUREAU VERITAS NORTH AMERICA, INC., | ) ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| HERITAGE HOMES, LLC, LEZZER TRUSS SYSTEMS, INC., and MiTEK USA, INC., f/k/a MiTEK INDUSTRIES, INC. | ) ) ) ) | |
| Third-Party Defendants. | ) | |

## ORDER

**NOW**, this 23rd day of March 2017, upon consideration of third-party defendant MiTek USA, Inc. f/k/a MiTek Industries, Inc.'s ("MiTek") motion for judgment on the pleadings (ECF No. 59) and for the reasons set forth in the memorandum opinion accompanying this order, it is **HEREBY ORDERED** that MiTek's motion (ECF No. 59) is **DENIED**.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE